UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:14-cr-56-DCR-1
(Related Civil Action No. 5:16-cv-35-DCR)

UNITED STATES OF AMERICA,                       PLAINTIFF,

v.            **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

DAVID L. PIERCE,                                        DEFENDANT.

*** *** ***

This matter is before the Court on the Defendant's Motion to Vacate under 28 U.S.C. § 2255 [R. 189]. However, from a review of the record, Defendant's direct appeal to the Sixth Circuit remains pending and the matter has not been ordered to be held in abeyance. [See, e.g., R. 163]. The Sixth Circuit noted in Starnes v. United States, 18 F. App'x 288, 291 (6th Cir. 2001), that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." Id. at 291; See also Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998) (adopting this pendency rule already "espoused by multiple Circuits"). Because Defendant's direct appeal of his conviction is not final, no "extraordinary circumstances" have been shown, and a "direct appeal might render collateral attack by way of a § 2255 unnecessary," Defendant's Motion to Vacate should be denied without prejudice. See Starnes, 18 F. App'x at 291-92. Having considered the matter fully, and being otherwise sufficiently advised,

IT IS HEREBY RECOMMENDED that the Defendant's Motion to Vacate [R. 189] be DENIED WITHOUT PREJUDICE.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 3, 2016.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge