UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 14-056-DCR-1 |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 5: 16-035-DCR |
| V. | ) | |
| | ) | |
| DAVID L. PIERCE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant David Pierce's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 189] Pursuant to 28 U.S.C. § 636(b)(1)(B), the motion was referred to a United States magistrate judge for issuance of a report and recommendation. On February 3, 2016, Magistrate Judge Edward B. Atkins issued his report, recommending that Pierce's motion be denied without prejudice. [Record No. 191] Thereafter, Pierce filed objections. [Record No. 192]

Having conducted a *de novo* review of the portions of the report to which Pierce objects, the Court will adopt Magistrate Judge Atkins' Report and Recommendation, deny the relief Pierce seeks, and dismiss the matter without prejudice.

**I.**

On October 2, 2014, Pierce pled guilty to conspiring to defraud the United States with respect to claims in violation of 18 U.S.C. § 286 (Count 1), wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2 (Count 7), and aggravated identity theft in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2 (Count 15). [Record Nos. 94 and 157] On February 2,

2015, this Court sentenced him to a 151-month term of imprisonment on Counts 1 and 7, to be imposed concurrently, and a 24-month term of imprisonment on Count 15, to be imposed consecutively to Counts 1 and 7, for a total term of imprisonment of 175 months.  [Record No. 157]

Pierce filed a Notice of Appeal on February 26, 2015.  [Record No. 178]  In his direct appeal to the Sixth Circuit, Pierce only challenges the sophisticated means enhancement he received.  *United States v. Pierce*, No. 15-5166 (6th Cir.) [Record No. 11, therein].  On February 2, 2016, Pierce filed his § 2255 motion in this Court.  [Record No. 189]  On collateral appeal, Pierce challenges the effectiveness of his counsel and the validity of his guilty plea.  He also represents that his direct appeal is currently "stayed pending resolution of collateral attack."[1]  *Id.* at 2.

## II.

In *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998), the Sixth Circuit adopted "the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal."  The Court reasoned that, "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary."  *Id.*

Because Pierce's direct appeal is not final, Magistrate Judge Atkins correctly concluded that his § 2255 motion should be denied without prejudice.  [Record No. 191]  In

---

[1]     The Sixth Circuit's electronic record system shows that Pierce filed a motion to hold his appeal in abeyance.  The Sixth Circuit denied his motion on February 10, 2016.  *Pierce*, No. 15-5166 [Record Nos. 31 and 33, therein]

-2-

his objections, Pierce claims that he has demonstrated extraordinary circumstances that entitle him to relief prior to the conclusion of his direct appeal.  [Record No. 192]  First, Pierce raises § 2255's exhaustion requirements.  Pierce believes that if his § 2255 motion is not heard before his direct appeal, it will be procedurally barred once the direct appeal is final.  Pierce is correct that, as a general matter, the failure to raise a claim on direct appeal results in procedural default of that claim.  *Bousley v. United States*, 523 U.S. 614, 621 (1998).   However, ineffective assistance of counsel claims are an exception to the procedural-default rule.  The Supreme Court has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To the extent that Pierce's § 2255 motion does contain claims that will be procedurally barred, that alone does not constitute an extraordinary circumstance.  As the Sixth Circuit observed in *Capaldi*, 135 F.3d at 1124, a § 2255 motion "should not be considered a substitute for direct appeal."   Pierce cannot avoid the consequences of his oversight by pushing this collateral attack to a close before his direct appeal is decided.

Next, Pierce argues that some courts hear § 2255 motions during the pendency of a direct appeal where speedy relief is particularly important.  [Record No. 192]  For support, Pierce cites two cases from the D.C. Circuit and one case from the Seventh Circuit, precedent that is not binding on this Court.  *Id.* at 3-4.  As discussed above, the Sixth Circuit has adopted an extraordinary circumstances test.  Pierce has provided no proof that his situation is extraordinary or even that he is in particular need of speedy relief.  In *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979), a case cited by the *Capaldi* Court in support of its

extraordinary circumstances rule, the Seventh Circuit concluded that, "[w]hether extraordinary circumstances exist is a question the answer to which depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources." Pierce's direct appeal has been fully briefed and oral argument has been heard in the Sixth Circuit. *Pierce*, No. 15-5166 [Record Nos. 11, 16, and 27 therein]. Even though Pierce has raised different issues in his direct appeal and collateral attack, this Court would be remiss to waste judicial resources hearing his § 2255 motion before the direct appeal becomes final. At the very least, the appellate court could resolve issues that bear upon Pierce's right to collateral relief.[2]

### III.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1.      Magistrate Judge Edward B. Atkins' Report and Recommendation [Record No. 191] is **ADOPTED IN FULL** and **INCORPORATED** herein by reference.

2.      Defendant David Pierce's Objections [Record No. 192] to the Report and Recommendation are **OVERRULED**.

3.      Defendant David Pierce's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 189] is **DENIED**, and this matter is **DISMISSED WITHOUT PREJUDICE** from the Court's docket.

---

[2]      Pierce specifically request an evidentiary hearing in his § 2255 motion. [Record No. 189-1, p. 4, n. 2] However, that request is premature.

-5-

This 29th day of February, 2016.



Signed By:

_Danny C. Reeves_   DCR

**United States District Judge**