UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 14-056-DCR |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 5: 16-035-DCR |
| V. | ) | |
| | ) | |
| DAVID L. PIERCE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant David Pierce's motion to alter, amend, or vacate this Court's February 29, 2016 Order. [Record No. 195] Pierce claims that the Court should reconsider its decision based on Rule 59(e) of the Federal Rules of Civil Procedure. *Id.* For the reasons outlined below, the motion will be denied.

On January 28, 2015, Pierce was sentenced to a 175-month term of imprisonment. [Record No. 157] Pierce timely appealed his sentence to the United States Court of Appeals for the Sixth Circuit. [Record No. 163] Thereafter, Pierce filed a motion to vacate under 28 U.S.C. § 2255. [Record No. 189] Because Pierce's direct appeal was still pending, this Court denied his § 2255 petition without prejudice. [Record No. 193] On March 14, 2016, the Sixth Circuit denied Pierce's direct appeal and affirmed Pierce's sentence. [Record No. 194] The same day, Pierce filed this Rule 59(e) motion, requesting that this Court reconsider its decision to deny his § 2255 petition. [Record No. 195]

Under Rule 59(e), "[m]otions to alter or amend judgment may be granted if there is a clear error of law, . . . newly discovered evidence, . . . an intervening change in controlling

-1-

law, . . . or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).  Pierce does not claim that he has discovered new evidence or that an intervening change in the law has occurred.  Instead, he contends that this Court committed clear error when it denied his § 2255 petition.  [Record No. 195, pp. 1-2]

Pierced based all of his § 2255 claims on his counsel's alleged ineffective assistance. [Record Nos. 189, 189-1]  In his objections to the magistrate judge's Report and Recommendation, Pierce explained that he filed his collateral appeal earlier for fear that resolution of his direct appeal would procedurally bar his collateral claims.  [Record No. 192, p. 4]  But in its Order adopting the Report and Recommendation and dismissing the § 2255 petition, this Court explained that ineffectiveness claims are the exception to the procedural default rule.  [Record No. 193, p. 3]  In other words, resolution of Pierce's direct appeal does not bar him from bringing ineffectiveness claims on collateral review.

Pierce insists in his motion for reconsideration that his ineffectiveness claims will be barred because he waived his right to bring an ineffectiveness claim.  [Record No. 195, p. 2] The Court finds nothing in the record that supports this contention.  In fact, Pierce's plea agreement expressly reserves his right to bring ineffectiveness claims.  *See* Record No. 152, p. 5 ("Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.").  Even if Pierce has somehow waived his right to raise ineffectiveness, this Court still properly denied his § 2255 petition.  Waiver would have the same effect on his ineffectiveness claims regardless of whether the claims were raised during or after a direct appeal.

Next, Pierce claims that "the Court's reliance on *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) is misplaced." [Record No. 195, p. 3]  In *Capaldi*, 135 F.3d at 1124, the Sixth Circuit held that, "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal."  In its February 29, 2016 opinion, this Court explained that resolving direct appeals first conserves judicial resources because the direct appeal might resolve issues bearing upon the petitioner's right to collateral relief. [Record No. 193, p. 4]

Pierce disagrees with the Court's assessment, reasoning that the issues he raised in his direct appeal "are completely different" than the issues he raised in his collateral appeal. [Record No. 195, p. 3]  The Court acknowledged in its February 29th opinion, and now agrees with Pierce, that the issues are different.  *See* Record No. 193, p. 4.  Nevertheless, the Court still properly denied Pierce's petition.  Had the Sixth Circuit reversed Pierce's conviction or sentence on direct appeal, his collateral ineffectiveness claims might have been mooted.  For this reason, the Sixth Circuit has directed district courts to avoid deciding § 2255 petitions before resolution of direct appeals absent extraordinary circumstances. Because Pierce has not demonstrated the existence of extraordinary circumstances, his motion for reconsideration will be denied.  However, by dismissing Pierce's § 2255 petition *without prejudice,* the Court has provided Pierce with the opportunity to refile his collateral appeal once his direct appeal is final.[1]

Accordingly, it is hereby

---

[1] "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

**ORDERED** that Defendant David Pierce's motion to alter, amend or vacate under Rule 59(e) of the Federal Rules of Civil Procedure is **DENIED**.

This 6th day of June, 2016.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge