UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 14-CR-56-DCR-1
RELATED CIVIL ACTION NO. 17-CV-289-DCR

UNITED STATES OF AMERICA, PLAINTIFF,

V. **RECOMMENDED DISPOSITION**

DAVID L. PIERCE, DEFENDANT.

David Pierce pled guilty to the crimes of conspiracy to defraud the United States, wire fraud, and aggravated identity theft; he was sentenced to a total of 175 months imprisonment. [R. 152, 157]. He now brings a motion before the Court under Title 28 United States Code § 2255, seeking to vacate, set aside, or correct his sentence. [R. 211]. He does so claiming that his plea of guilty was not knowing, intelligent and voluntary, but was the result of his counsel's ineffective representation. In short, he asserts that his attorney advised him to stipulate to a guidelines enhancement as part of his plea agreement that was not supported by the evidence. Consequently, he argues that he received an incorrect sentence, and now wishes to have his plea, conviction and sentence vacated. However, a review of the record and the law reveals the error in Pierce's argument, and, for the reasons that follow, the undersigned will recommend that his motion to vacate be denied.

## STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For Pierce to prevail on his motion to vacate, he must show that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491,

496–97 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004); *see also Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003), cert. denied, 540 U.S. 879 (2003). If a constitutional error is alleged, a prisoner must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Pough*, 442 F.3d at 964. Alternately, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

In the instant matter, Pierce argues that his counsel was ineffective and, as a result, he must prove that his counsel's representation was deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, he must first show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. It is important to note that in making this determination, reviewing courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . ." *Id.* Second, Pierce must establish prejudice, by showing there is a reasonable probability that, but for his counsel's unprofessional error, the result of his proceedings would have been different. *Id.* at 694–95. Failure to satisfy either element of the claim is fatal to his motion, as "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant

to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

In the context of Pierce's claim that he did not enter a knowing, intelligent, and voluntary guilty plea, while the performance prong of the *Strickland* test remains the same, to establish prejudice he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *Ohara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994); *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992).

## **ANALYSIS**

At sentencing, Pierce was given a two level enhancement to his offense level under § 2B1.1(b)(2)(A) of the Sentencing Guidelines, as his offense of conviction involved ten or more victims. Pierce contends that there were not ten victims of his offense conduct and that the enhancement was not supported by the facts in his case. Therefore, he argues that his counsel was constitutionally deficient for failing to learn of the alleged error and for advising Pierce to enter a plea calling for the two level enhancement. However, Pierce misunderstands the state of the law on the issue. Because there were in fact ten victims of the offense, the guidelines were accurately calculated, and his argument fails.

The guideline at issue, § 2B1.1(b)(2)(A), defines a victim as "any person who sustained any part of the actual loss" or "sustained bodily injury," and also includes "any individual whose means of identification was used unlawfully or without authority." United States Sentencing Commission, Guidelines Manual, § 2B1.1 cmt. n.1; cmt. n.4((E)(ii)). Pierce argues that two of the individuals who were considered victims of his offenses were in fact co-conspirators, and, cannot therefore be

3

properly classified as victims. He relies on the case of *United States v. Wright*, 12 F.3d 70 (6th Cir. 1993). In *Wright*, the defendant was convicted of conspiracy to defraud the United States Internal Revenue Service by preparing, causing to be prepared and causing to be filed income tax returns claiming fraudulent tax refunds, and for making false claims against the United States. In that case, the defendant's base offense level was enhanced by two levels due to the crime involving a "vulnerable victim," a term used in § 3A1.1 of the Sentencing Guidelines to describe one who is victimized by the criminal conduct due to being particularly vulnerable. In *Wright*, the court found that two co-conspirators were not victims within the meaning of the guidelines, holding that the language of § 3A1.1 required that individuals targeted by a defendant must be victims of the conduct underlying the offense of conviction for the guideline to apply. *Id.* at 73. In *Wright*, two co-conspirators were not harmed by the conduct of conviction and therefore not victims within the meaning of § 3A1.1, but in so finding the Court remarked "as we conclude that Bass and Garrett are not victims of defendant's offense of conviction, we do not address defendant's argument that culpable parties to a crime may never be victims of such crime as a matter of law." *Id.* at 74 n.3.

Pierce also relies on *United States v. Lazarenko*, 624 F.3d 1247 (9th Cir. 2010), for the proposition that it is only in the most unusual of circumstances that a person can be considered to be both a victim and co-conspirator simultaneously. *Id.* at 1251. *Lazarenko*, however, is a case in which the court held that a co-conspirator could not be a victim under the Mandatory Victims Restitution Act, because a co-conspirator cannot recover restitution from crimes in which he or she participated. *Id.* at 1251. These, are facts not before the Court as the co-conspirators in the instant case are not seeking an award of restitution for the crimes committed by Pierce.

In summary, neither *Wright* nor *Lazarenko* addressed the specific language in the Guideline

now being considered, the phrase "unlawfully or without authority". U.S.S.G. § 2b(1.1(b)(2)(A), cmt. n.4((E)(ii)). In the instant matter, Pierce's offense level was enhanced by two levels due to his crimes of conviction involving at least ten victims. U.S.S.G. § 2B1.1(b)(2)(A). This determination of ten victims, two of which were in fact co-conspirators, was based upon the language from the Guidelines defining "victim" as anyone "who sustained any part of the actual loss" or "sustained bodily injury," and also includes "any individual whose means of identification was used unlawfully or without authority." *Id.* The phrase at issue in this case, included within the definition of victims those whose information was used "unlawfully or without authority" was present in neither *Wright* nor *Lazarenko*, and so the reasoning of those cases to the determination of whether co-conspirators can be victims of the offenses in this matter is not persuasive. Rather, the Court finds persuasive the reasoning of *United States v. Lombard*, 706 F.3d 716, 725 (6th Cir. 2013), where the court considered the very language now at issue to find that one may have the permission of a co-conspirator to use personal identifying information, as in the instant case, for the purpose of committing fraud and do so "unlawfully or without authority." *Id.*

The court in *Lombard* reasoned that "'a defendant's use of any social security number - including his own - to submit fraudulent credit applications must be 'without lawful authority.'" *Id.* at 725 (citing *United States v. Mobley*, 618 F.3d 539, 547-48 (6th Cir. 2010)). The Sixth Circuit continued to find this result when addressing identical language in the unpublished opinion of *United States v. Whicker*, 628 F.App'x. 361 (6th Cir. 2015) ("Accordingly, observing that the plain meaning of 'lawful' is not limited to 'permission,' we concluded 'that the phrase 'without lawful authority' in § 1028A is not limited to instances of theft, but includes cases where the defendant obtained the permission of the person whose information the defendant misused. *Id.* at 365-66

5

(citing *United States v. Lumbard*, 706 F.3d 716 at 723, 725)). In summary, to be a victim in this matter does not require that one sustain a loss as in *Wright* or *Lazarenko*, as Pierce's co-conspirations are properly victims of his conduct, regardless of whether they suffered an actual loss. *See United States v. Vysniauskas*, 593 F.App'x 518, 531 (6th Cir. 2015) (noting no proof of loss required for victims defined under § 2B1.1 cmt. n.4 ((E)(ii)). The guideline at issue simply requires that one's personal identifying information be used unlawfully or without authority. Therefore, it was proper in this case for Pierce's co-conspirators to be considered victims of his offense conduct based on the unlawful nature of his conduct. The fact that he may have had their permission to fraudulently use their personal identifying information to commit a fraud has no bearing on whether, under the applicable guideline, they were victims.

As a result, the undersigned finds that counsel for Pierce was not constitutionally ineffective for failing to object to a properly determined two-level enhancement due, in part, to two co-conspirators being found to be victims of his offenses as a result of his use of their personal identifying information unlawfully or without authority.

Pierce's remaining claim in this action, that his guilty plea was not knowing, intelligent, and voluntary is totally without merit. The basis of his second claim is that his plea was the result of his attorney's deficient representation - advising him to stipulate to the two level guidelines enhancement as part of his plea agreement based upon his offense conduct involving ten or more victims. However, as the Court has determined that his counsel's representation was not deficient, there is no basis to attack the validity of his guilty plea.

The record, in fact, supports the contrary conclusion, that he entered a valid plea to the crimes of which he is convicted. For instance, the plea agreement into which Pierce entered

6

contained the following provision relating to application of the Sentencing Guidelines: "Pursuant to U.S.S.G. § 2B1.1(b)(2), increase the offense level by 2 levels because the offense involved 10 or more victims." [R. 152, p. 4]. During his re-arraignment before the presiding Judge, Pierce was placed under oath and advised that he might be prosecuted for perjury should he fail to testify truthfully. [R. 215, p. 3]. He confirmed that he had been provided with a copy of the indictment, had discussed the case with his attorney, and was satisfied with his representation. [R. 215, pp. 8-9]. Similarly, he confirmed that prior to signing the plea agreement, he had ample opportunity to review it and consult with his attorney. [R. 215, p. 10]. He acknowledged an understanding of the plea agreement and the supplement, confirming that the entire agreement was contained within those two documents. [R. 215, p. 10]. After listening the attorney for the United States summarize the agreement, including the paragraph calling for a two level enhancement as the offense involved ten or more victims, Pierce acknowledged that the agreement was properly summarized. [R. 215, p. 16]. He was likewise advised of the statutory penalties and the Court's application of the Sentencing Guidelines. [R. 215, pp. 17-21]. He was informed of the rights he was surrendering by entering a guilty plea, including all rights associated with a trial. [R. 215, p. 25]. He then entered a plea of guilty to the charges in the indictment pursuant to a valid plea agreement, with the Court finding that he was competent to so plead, and that his plea was knowing, voluntary, and supported by a factual basis. [R. 215, p. 34].

Pierce's solemn declaration of guilt carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976); *Peveler v. United States*, 269 F.3d 693, 702-03 (6th Cir. 2001); *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999). His presentation of merely conclusory allegations unsupported by specifics is subject to summary

7

dismissal, as are his contentions that in the face of the record before Court are wholly incredible. See *Blackledge*, 431 U.S. at 74. Therefore, his claim that his plea was invalid because it was the product of ineffective assistance of counsel is without either legal or factual basis, and provides him no relief in this action.

## **CONCLUSION**

Therefore, Pierce fails to show any way in which he was provided ineffective assistance of counsel leading to his plea of guilty in this matter. As a result, his motion to vacate, set aside or correct his sentence [R. 211] should be DENIED. In addition, because he has failed to demonstrate that the issues he raises are debatable among jurists of reason, or that the questions he presents are adequate to deserve encouragement to proceed further, see *Lozada v. Deeds*, 498 U.S. 430, 432 (1991), no Certificate of Appealability should issue.

Specific objections to this Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed November 16, 2017.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge