UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 14-56 |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 5: 17-289 |
| V. | ) | |
| | ) | |
| DAVID L. PIERCE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant David Pierce's motion for an amended order pursuant to Federal Rule of Civil Procedure 59(e). [Record No. 230] Relief is only available under Rule 59(e) for the following reasons: (i) to correct a clear error of law; (ii) to account for newly discovered evidence; (iii) to accommodate an intervening change in controlling law; or (iv) to prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010). Pierce's motion fails to establish grounds for relief for any of these reasons, and will be denied.

Pierce pleaded guilty on January 28, 2015, to conspiracy to defrauding the United States, wire fraud, and aggravated identity theft. [Record No. 152] As part of his plea agreement, he stipulated to a two-level increase to his offense level pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2B1.1(b)(2)(A), because the offense involved ten or more victims. [Id. ¶ 9(d)] Pierce filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on July 11, 2017, arguing that this enhancement was improperly applied because his offense did not involve ten or more victims. [Record No. 211] He

-1-

contended that he received ineffective assistance of counsel and that his plea of guilty was not knowing, intelligent and voluntary. [*Id.*] The undersigned denied Pierce's motion on December 1, 2017, concluding that there were ten "victims" of the defendant's crimes and the enhancement was properly applied to his sentence. [Record No. 226] Pierce then filed the current motion on January 3, 2018, asking the Court to alter or amend its judgment and to make additional findings. [Record No. 230]

Pierce first argues that the application of a *different* sentencing enhancement to his base offense level—the sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C)—was based on "clearly erroneous facts" and, therefore, an amended order is necessary to correct this "clear error of law." [*See* Record No. 230, p. 2-10 (citing *United States v. Adams*, 873 F.3d 512 (6th Cir. 2017).] This argument is not properly before the Court. A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and "may request only that the district court reconsider matters actually raised before it." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The judgment entered on December 1, 2017, addressed only Pierce's argument that the Court improperly applied the victims enhancement under U.S.S.G. § 2B1.1(b)(2)(A). [Record Nos. 226, 227] Pierce cannot seek to amend that judgment by raising a wholly different argument that the Court improperly applied the sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C). *That* argument was rejected by the Court at sentencing on January 28, 2015, and by the United States Court of Appeals for the Sixth Circuit on March 3, 2016. [*See* Record No. 181, p. 6-21; Record No. 194] Pierce cannot challenge those rulings, two years later, by way of a Rule 59(e) motion.

But even if Pierce's argument regarding the sophisticated means enhancement *was* properly before the Court, it would not provide a basis for relief under Rule 59(e). The Court determined that the sophisticated means enhancement applied to Pierce's sentence, in part, because the scheme involved using false information on W-2s, other individuals' identities, and statements of employment that were incorrect. [Record No. 181, p. 20-21] Pierce now argues that this conclusion was based on "clearly erroneous facts" because he "did not at any time use or produce any fake W-2 forms to be used concerning this offense." [Record No. 230, p. 4] However, Pierce has already appealed this issue to the Sixth Circuit, which affirmed on clear error review and found that "Pierce created fictitious jobs and W-2 forms which ultimately resulted in over $600,000 in illegal gain." [Record No. 194, p. 4] The fact that the Sixth Circuit has determined that the Court's application of the sophisticated means enhancement was not clearly erroneous undermines Pierce's contention that the application of the sophisticated means enhancement was based on "clearly erroneous facts" and represents a "clear error of law." [Record No. 230]

Next, Pierce reiterates his argument that the application of the victims enhancement under U.S.S.G. § 2B1.1(b)(2)(A), was unwarranted because his offense did not involve ten or more victims. [*Id.* at p. 10-13] His argument is not materially different from the one the Court previously rejected. [*See* Record Nos. 211, 226.] "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). When a party simply disagrees with the Court's conclusions, the appropriate vehicle for relief is an appeal, not a motion for amended judgment. *See Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).

Pierce also appears to argue that the Court should amend its restitution order of $636,679.00, and instead hold him liable for only $326,000, based on *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).[1] [Record No. 230, p. 13-14] Again, this legal argument was not addressed in the judgment Pierce seeks to amend, and cannot be raised on a Rule 59(e) motion. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Further, even if the Court were to consider this argument, it fails on the merits. *Honeycutt* does not apply here because Pierce was not subject to a forfeiture judgment, but rather an order of restitution pursuant to a conspiracy charge. *See Ferguson v. United States*, 16-10, 2017 WL 5500919, at *2 (S.D. Ohio Nov. 16, 2017) (citing *Bangiyev v. United States*, 14-206, 2017 WL 3599640, at *4 (E.D. Va. Aug. 18, 2017)).

Finally, the Court will deny Pierce's request for a Certificate of Appealability. [Record No. 230, p. 14-15] As the Court previously determined, Pierce has failed to show that the issues he raises are debatable among reasonable jurists or that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong." [Record No. 226] Likewise, reasonable jurists would not find "it debatable whether the [motion] states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant David Pierce's motion for an amended order under Federal Rule of Civil Procedure 59(e) [Record No. 230] is **DENIED**.

2. A Certificate of Appealability shall not issue.

---

[1] Although Pierce cites to the Sixth Circuit's decision in *United States v. Honeycutt*, 816 F.3d 362 (2016), that decision was reversed in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

This 9th day of January, 2018.


Signed By:
*Danny C. Reeves* DCR
United States District Judge