UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-056-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAVID L. PIERCE, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant David L. Pierce pleaded guilty on October 2, 2014, to conspiring to defraud the United States in violation of 18 U.S.C. § 286, wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, and aggravated identity theft in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2. [Record No. 94]  Thereafter, he was sentenced to a total term of imprisonment of 175 months. [Record No. 157]

Pierce filed previously an "emergency motion" for compassionate release or home confinement in light of COVID-19 and the CARES Act. [Record No. 248]  He asserted that he is older, overweight, and has underlying health issues that put him at higher risk of contracting COVID-19.  He further alleged that he suffers from coronary artery disease and recently recovered from pneumonia.  That motion was denied because Pierce had not exhausted his administrative remedies. [Record No. 249]  And as explained in the denial of Pierce's earlier motion, the Court does not have the authority to grant home confinement requests.

Pierce has now filed an exhibit, asserting that he has exhausted his administrative remedies.  [Record No. 250]  He requests that his previous motion now be considered.  [*Id.*] But even considering the merits of the original compassionate release motion and request for home confinement, the request will be denied because Pierce has not demonstrated that there are "extraordinary and compelling reasons" that justify release.  Additionally, the Court will not grant home confinement.  *See United States v. Blankenship*, No. 7:15-cr-011-DCR-1, 2020 WL 2309245, at *2 (E.D. Ky. May 8, 2020) (citing *United States v. McCann*, No. 5: 13-52-KKC, 2020 WL 1901089, at *3 (E.D. Ky. Apr. 17, 2020)).

Title 18 of the United States Code, section 3582(c), provides that the Court may modify a term of imprisonment for "extraordinary and compelling reasons."  And certain medical conditions can serve as extraordinary and compelling reasons in limited circumstances.  More specifically, a defendant may be able to obtain compassionate release under the "medical condition of the defendant" category in circumstances where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A).

Pierce's underlying health conditions in conjunction with the COVID-19 pandemic are insufficient to meet the criteria set forth in United States Sentencing Guidelines § 1B1.13 n.

1(A).  Pierce's conditions are not terminal, and they do not substantially diminish his ability to provide self-care while incarcerated.  Accordingly, it is hereby

 **ORDERED** that Defendant David L. Pierce's notice of filing, construed as a motion to reconsider, [Record No. 250] is **DENIED**.

 Dated:  July 7, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky