UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 14-056-DCR |
| V. | ) |
| DAVID L. PIERCE, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant David Pierce pleaded guilty on October 2, 2014, to conspiring to defraud the United States in violation of 18 U.S.C. § 286, wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, and aggravated identity theft in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2. [Record No. 94] He was sentenced to a total term of imprisonment of 175 months. [Record No. 167] Pierce previously filed an "emergency" motion for compassionate release, contending that he was older, overweight, and had underlying health issues that put him at higher risk of contracting COVID-19. [Record No. 248] That motion was denied because Pierce had not complied with the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). [Record No. 249] Later, after considering the merits of Pierce's motion, the Court concluded that he had not demonstrated that there were extraordinary and compelling reasons to justify the relief sought. [Record. No. 251]

Pierce has filed another motion for compassionate release and requests the appointment of counsel. [Record No. 274] Thereafter, he filed an addendum to his motion. [Record No. 276]

Title 18 of the United States Code, section 3582(c), provides that the Court may modify a term of imprisonment for "extraordinary and compelling reasons," if the reduction is consistent with applicable policy statements[1] and the 18 U.S.C. § 3553(a) factors. *United States v. Jones*, 980 F.3d 1098, 1102 (6th Cir. 2020). The district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Id.* at 1109.

Pierce asserts that his age and underlying health conditions put him at risk of complications from COVID-19. However, Pierce contracted COVID-19 in September 2020 and was examined every day throughout a 16-day isolation period. [Record No. 281, pp. 57-70] While Pierce contends that he contracted a "near debilitating case of COVID-19," his medical records indicate that he remained asymptomatic during the period of isolation. [*Id.*] Pierce was fully vaccinated against COVID-19 in April 2021. [*Id.* at 186-87.]

Pierce's underlying health conditions and age, in combination with the low probability of reinfection and his vaccination status[2], are insufficient to demonstrate extraordinary and compelling reasons to grant his motion for compassionate release. *See, e.g., United States v. Smith*, No. 10-20388, 2021 U.S. Dist. LEXIS 135675, at *6 (E.D. Mich. July 21, 2021)

---

[1] United States Sentencing Guidelines "§ 1B1.13 does not apply to cases where an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109 (internal quotations omitted).

[2] Pierce asserts in his amended motion that additional consideration should be given to increasing cases involving the COVID-19 Delta variant. However, Pierce's vaccination status as well as his immunization status minimizes risk associated with this new variant of the virus. [*See* authorities cited at Record No. 279, footnote 4.] Information contained in the medical records attached to the defendant's amended motion do not alter this conclusion. Further, the fact that Pierce alleges that some courts are granting relief to others based on the COVID pandemic does not compel a finding that he is entitled to similar relief. Instead, each case must be considered on the facts presented.

(explaining that the defendant's "low risk of reinfection, coupled with the fact that he is fully vaccinated, render[ed the defendant's] fear of reinfection a non-compelling reason to grant his release"); *United States v. Jackson*, No. 17-55, 2021 U.S. Dist. LEXIS 24656, at *2 (N.D. Ohio Feb. 9, 2021) (holding that the low probability of reinfection combined with his health conditions did not demonstrate extraordinary and compelling reasons for compassionate release). After reviewing all medical records provided by the parties, the Court concludes and agrees with the United States that medical staff of the Bureau of Prisons are adequately monitoring and treating all of the defendant's conditions and needs.

Pierce also asserts that he needs to be released to care for ailing parents and that this constitutes an extraordinary and compelling reason to justify his release. [Record No. 274, pp. 14-15] Pierce states that his brother, who used to act as the caregiver for his parents, passed away in 2019. [*Id.*] However, while the Court is sympathetic to Pierce's concern about his elderly parents, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, No. 2:14-cr-40, 2019 U.S. Dist. LEXIS 118304, at *5 (S.D. Ohio July 16, 2019); *see United States v. Gatewood*, No. 20-5812, 2020 U.S. App. LEXIS 34063, at *4 (6th Cir. Oct. 28, 2020) (explaining that the district court correctly concluded that having elderly and ailing parents is not an extraordinary and compelling reason for compassionate release).

Finally, even if Pierce could demonstrate extraordinary and compelling reasons to justify his release, relevant § 3553(a) factors weigh against granting release. First, the undersigned respectfully disagrees with the defendant's assertion that he does not pose a threat to the community or the public at large. [Record No. 274, pp. 6-8] Pierce developed a sophisticated scheme to fraudulently claim tax refunds and directed other individuals to file

for tax refunds. [Record No. 165, pp. 4-5] He made a conscious decision to file false returns and recruited others to assist him with his criminal conduct. And while released on supervision in this case, Pierce threatened his girlfriend and then hit her with his car. [*Id*. at 13-14.]

Likewise, the Court disagrees with Pierce's assertion that other factors contained in 18 U.S.C. § 3553(a) support his release. [Record No. 274, pp. 8-15] The Court commends Pierce for efforts at rehabilitation while incarceration. However, simply put, Pierce's original sentence of 175 months remains sufficient, but not greater than necessary, to reflect the seriousness of the offense, while giving due consideration to Pierce's history and characteristics, the need to promote respect for the law and provide adequate specific deterrence, while also providing a measure of protect to the public.

Finally, the Court notes that there is no constitutional right to counsel in a proceeding under 18 U.S.C. § 3582(c). *See United States v. Bruner*, 2017 WL 1060434, at *2 (E.D. Ky. March 21, 2017); *United States v. Johnson*, 2016 WL 10704239, at *3 (6th Cir. 2016) (observing that there has been no historical right to counsel in proceedings under § 3582(c)(2)). Appointment of counsel is discretionary, and it is only warranted where a defendant makes a showing that it would be necessary. Pierce has failed to demonstrate that appointment of counsel would be necessary or of assistance in resolving the issues presented.

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Pierce's motion for compassionate release [Record No. 274] is **DENIED**.

2. Defendant Pierce's request for the appointment of counsel is **DENIED**.

- 5 -

      3.      Defendant Pierce's motion to amend his motion for compassionate release [Record No. 276] is **GRANTED**, but any relief sought in that motion is **DENIED** for the reasons explained herein.

      Dated: September 14, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky